## No. 4937.

### J. H. HOPKINS vs. GARTHWAITE, LEWIS, MILLER, ET AL.

This is a suit in damages for malicious arrest, false imprisonment, and cruelty while in prison. The evidence shows a probable cause for the arrest of the plaintiff. The defendants did not prompt the treatment of the party while in the "lock-up" of the police station, and are not responsible for it, nor liable in damages for the arrest, as charged in this case.

APPEAL from the Fourth District Court, parish of Orleans. *Lynch*, J. Jury trial. *Simeon Belden* and *Foley*, for plaintiff and appellee. *Labatt, Aroni & Clinton*, for defendants and appellants.

HOWELL, J. The defendants have appealed from a verdict and judgment against them for four thousand dollars for malicious arrest, false imprisonment, and cruelty while in prison.

The facts are: On the morning of nineteenth February, 1873, the plaintiff, Hopkins, and his friend, Wuescher, called at the store of defendants, dealers in ready-made clothing, purchased for cash a suit each, worth together forty-two dollars, each one putting on the suit bought by him, asked the partner from whom they purchased to send the bill and the bundle containing their old clothes with them, by a porter, to their room in the St. Charles hotel, which was done. The parties went to the office of the hotel, where the bundle was left on the counter, and by request the porter accompanied the two to the office of A. Eimer Bader & Co., on Carondelet street, when one of them with the porter remained outside and the other entered and wrote the following note:

"NEW ORLEANS, February 19, 1873.

"Messrs. Garthwaite, Lewis & Miller, present:

"Gentlemen—The cashier being out at present, be so kind as to send the bill at twelve o'clock, or sooner if convenient, and oblige yours, etc.,

"(Signed)                    CHAS. A. WUESCHER,

"at Eimer Bader & Co., Carondelet street."

This letter was sent by the porter to the defendants, and when received they became suspicious of the good faith of said parties and

instituted inquiries at the office of A. Eimer Bader & Co., and the hotel, and learned that neither Hopkins nor Wuescher was employed at the one place or stopping at the other, nor were they known there. Whereupon one of the defendants reported the matter at the police headquarters, and two officers were detailed to attend to it, and who, after some days search discovered the two men, wearing the said suits of clothing, on Canal street, arrested them, and caused them to take off the new clothes (as is usual in such cases it is said), to be kept for identification, leaving them for a day or more with only their underclothing. Immediately after the arrest, one of the defendants made the proper affidavit for obtaining goods under false pretenses. When the new suits of clothes were about to be taken from them they were asked where their clothing was, with the view of sending for what was necessary for them to put on, and they refused to give the information. They remained two or three days in the lock-up, and were transferred to the parish prison, where they remained about as long, and were released upon giving bonds. The case on the affidavit was fixed by the recorder for hearing on the eleventh of March, 1873, which was after the release, but neither party appeared, and nothing more was done therein. The day before (on the tenth of March), the clothes bought by plaintiff were paid by his uncle. This action was instituted on ninth April, following.

We think the foregoing statement shows a probable cause for the arrest of the plaintiff. The defendants did not prompt the treatment of the parties while in the lock-up of the police station, and are not responsible for it, nor liable in damages for the arrest as charged in this case.

It is therefore ordered that the judgment and verdict in the lower court be set aside and annulled, and that there be judgment for defendants with costs in both courts.

Rehearing refused.